JUDGE PATTERSON          07 CIV 9586

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

CARL W. HEFTON (individually, and on
behalf of DOUG TURNER, TROY FIELDS,
RICHARD BLACKMON, BOB CARTER,
DALE KESLER, RICHARD CAPERTON,
DAN CONWAY and ELLIOTT S. OSHRY),
and BEN G. GILL (individually, and on behalf
of BRIAR TREE, LTD),

          Plaintiffs,

    - against -

VISCERN HOLDING CORPORATION,

          Defendant.

------------------------------------------------------------ X

Index No.

NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Viscern Holding Corporation ("Viscern") removes this action to the United States District Court for the Southern District of New York. The following grounds exist for removal:

    1.  On or about September 24, 2007, Plaintiffs Carl W. Hefton and Ben G. Gill filed a Complaint in *Hefton v. Viscern Holding Corporation*, Index No. 112971/07 (the "State Court Action") in the Supreme Court of the State of New York, County of New York.

    2.  On September 27, 2007, Plaintiffs' counsel mailed a copy of the Summons and Complaint in the State Court Action to counsel for Viscern.

    3.  On October 2, 2007, counsel for Viscern received the copy of the Summons and Complaint mailed by Plaintiffs' counsel.

    4.  On October 15, 2007, Viscern was served with a copy of a Summons and the Complaint in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a copy of the

10772874.3

- 2 -

Summons and Complaint received by Viscern is attached as Exhibit A. These constitute all the process, pleadings, and orders served on Viscern in this action.

5. Viscern is filing this Notice of Removal within thirty days after receiving notice of the State Court Action. Viscern's removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

6. Diversity jurisdiction exists in this Court over this action pursuant to 28 U.S.C. § 1332.

7. Plaintiff Carl W. Hefton alleges in the Complaint that he is an individual domiciled and residing in Dallas, Texas. Complaint ¶ 1. Therefore, Mr. Hefton is a citizen of the State of Texas for purposes of removal.

8. Plaintiff Ben G. Gill alleges in the complaint that he is an individual domiciled and residing in Dallas, Texas. Complaint ¶ 2. Therefore, Mr. Gill is a citizen of the State of Texas for purposes of removal.

9. Plaintiffs allege that Viscern is a Delaware corporation with its principal place of business in Greenwich, Connecticut. *See* Complaint ¶ 3. Therefore, Viscern is a citizen of the States of Delaware and Connecticut for purposes of removal. (Viscern is in the process of moving its headquarters to Rye, New York. This will not affect its entitlement to remove this action.)

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

11. Among other things, Plaintiffs seek a declaration in the Complaint that "the amounts claimed in Viscern Holdings' Notice of Claim are not valid, can not be documented and do not represent claims which Viscern Holding may properly assert against the

Escrow." Complaint ¶ 21. Plaintiffs further allege that "[b]ut for Viscern Holding having served the Notice of Claim, the Escrow is properly payable, and would have been paid, to the plaintiffs under the terms of the Escrow Agreement." Complaint ¶ 23.

12. The amount allegedly at issue in the Escrow is $533,450. Complaint ¶ 19.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the State Court Action is pending in the Supreme Court of the State of New York, County of New York.

14. Written notice of the filing of this Notice of Removal will promptly be given to Plaintiffs and, together with a copy of this Notice of Removal, will be filed with the Clerk for the Supreme Court, New York County, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Viscern respectfully removes the State Court Action currently pending in the Supreme Court of the State of New York, County of New York, to this Court and respectfully requests that this matter proceed in this Court as an action properly removed thereto.

Dated: October 26, 2007

NIXON PEABODY LLP

By: *Christopher M. Mason*
Christopher M. Mason (CM 7146)
437 Madison Avenue
New York, New York 10022
(212) 940-3000

Attorneys for Defendant

- 4 -

TO:  Steven D. Karlin
     PLATZER, SWERGOLD, KARLIN, LEVINE,
      GOLDBERG & JASLOW, LLP
     1065 Avenue of the Americas, 18th Floor
     New York, New York 10018
     (212) 593-3000

     Attorneys for Plaintiffs

# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------x     /13971-01

CARL W. HEFTON (individually, and on behalf of : Index No.:_
DOUG TURNER, TROY FIELDS,
RICHARD BLACKMON, BOB CARTER, DALE : **SUMMONS**
KESLER, RICHARD CAPERTON, DAN CONWAY
AND ELLIOTT S. OSHRY), and BEN G. GILL : Plaintiffs' Address:
(individually, and on behalf of BRIARTREE, LTD)   Carl Hefton
         Plaintiffs,           : 6031 Club Oaks Drive
                                   Dallas, Texas 75248
    -against-               :
                              Ben G. Gill
VISCERN HOLDING CORPORATION,  : 5208 Briar Tree
                                   Dallas, Texas 75248
         Defendant.            :
                                   Basis of Venue:
                                 : Written Agreement of the Parties
------------------------------------------------x

To The Above Named Plaintiff:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' Attorney(s), within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 24, 2007

                                     PLATZER, SWERGOLD, KARLIN, LEVINE,
                                     GOLDBERG & JASLOW, LLP
                                     Attorneys for Plaintiffs

                                     By: _____
                                     Steven D. Karlin
                                     1065 Avenue of the Americas
                                     New York, New York 10018
                                     (212) 593-3000

Defendant's Address:

Viscern Holding Corporation
c/o Flinn Investments, L.P.
Three Greenwich Office Park, 2nd Floor
Greenwich CT  06831


Plaintiffs' Address:

Carl Hefton
6031 Club Oaks Drive
Dallas, Texas 75248

Ben G. Gill
5208 Briar Tree
Dallas, Texas 75248

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------- x
CARL W. HEFTON (individually, and on behalf of
DOUG TURNER, TROY FIELDS,
RICHARD BLACKMON, BOB CARTER, DALE
KESLER, RICHARD CAPERTON, DAN CONWAY
AND ELLIOTT S. OSHRY),                                    Index No.:_____
and BEN G. GILL (individually, and on behalf of BRIAR
TREE, LTD)
                Plaintiffs,
                                                      **COMPLAINT**
    -against-

VISCERN HOLDING CORPORATION,

                Defendant.
---------------------------------------- x

       Plaintiffs, by their attorneys, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, as and for their complaint against the defendant allege as follows:

## PARTIES AND JURISDICTION

       1.    Plaintiff, Carl W. Hefton ("Mr. Hefton") is, and at all times hereinafter was, an individual domiciled and residing in Dallas, Texas.

       2.    Plaintiff Ben G. Gill ("Mr. Gill", and together with Mr. Hefton, the "plaintiffs") is, and at all times hereinafter mentioned was, an individual domiciled and residing in Dallas, Texas.

       3.    Upon information and belief, defendant Viscern Holding Corporation ("Viscern Holding") is, and at all times hereinafter mentioned was, a corporation organized and existing pursuant to the laws of the state of Delaware with its principal place of business in Greenwich, Connecticut.

       4.    Pursuant to a certain Stockholders' Agreement dated December 30, 2005 (the

"Stockholders' Agreement"), Viscern Holding and Mr. Hefton consented to exclusive jurisdiction in, *inter alia*, the courts of the state of New York.

5.  Pursuant to a certain Escrow Agreement dated December 30, 2005 (the "Escrow Agreement"), Viscern Holding and the plaintiffs consented to exclusive jurisdiction in, *inter alia*, the courts of the state of New York.

## BACKGROUND ALLEGATIONS

6.  On or about December 30, 2005 Viscern Holding purchased (the "Purchase") and the plaintiffs caused to be conveyed to Viscern Holding all of the outstanding capital stock of an entity called Viscern, Inc., and in connection therewith and as, among other things, consideration therefor, Viscern Holding and Mr. Hefton among others, executed the Stockholders' Agreement.

7.  As part of the Purchase, Mr. Hefton received, and remains the holder of, 174,562 shares of common stock (the "Shares") of Viscern Holding.

8.  The "Pro Rata Amount" of the Shares held by Mr. Hefton, as defined in the Stockholders' Agreement does not constitute less than five (5) percent of the common stock held by all stockholders of Viscern Holding.

9.  In connection with the purchase, Viscern Holding and the plaintiffs executed the Escrow Agreement.

10. There is currently a balance of not less than $533,450 (the "Escrow") in the possession and control of an escrow agent (the "Agent") created under the terms of the Escrow Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
## BY MR. HEFTON INDIVIDUALLY FOR SPECIFIC PERFORMANCE

11. The Stockholders' Agreement provides, *inter alia*, that unless Mr. Hefton holds less than five (5) percent of the common stock held by all stockholders of Viscern Holding, Mr. Hefton shall be entitled to serve as a director of Viscern Holding on its board of directors (the "Board").

12. Viscern Holding has violated, and continues to violate, the Stockholders' Agreement by, among other things, (i) having removed Mr. Hefton from the Board; (ii) having prevented Mr. Hefton from attending Board meetings; (iii) having failed to provide Mr. Hefton with notice of Board meetings; (iv) having failed, and continuing to fail, to provide Mr. Hefton with documents used, circulated and/or discussed at Board meetings; (v) having failed, and continuing to fail to take any and all necessary actions to restore Mr. Hefton to his rightful position as a Board member.

13. As a direct and proximate result of the aforedescribed actions and inactions of Viscern Holding, Mr. Hefton is unable to protect his ownership interest in Viscern Holding as expressly negotiated in, and provided for, in the Stockholders' Agreement.

14. As a direct and proximate result of the aforedescribed actions and inactions of Viscern Holding, Mr. Hefton has incurred, and continues to incur potential liability to stockholders and others for his inability to discharge his fiduciary duties as a board member of Viscern Holding.

15. As a direct and proximate result of the aforedescribed actions and inactions of Viscern Holding, the value of Mr. Hefton's investment in, and ownership of, Viscern Holding is, and continues to be, adversely affected in an amount which cannot yet be determined.

16. All conditions precedent, if any, to Mr. Hefton's right to Board membership have been performed or have occurred.

17.	Mr. Hefton has no adequate remedy at law.

**AS AND FOR A SECOND CAUSE OF ACTION BY MR. HEFTON, INDIVIDUALLY AND AS "SELLER'S REPRESENTATIVE"(AS DEFINED IN THE ESCROW AGREEMENT), AND BY MR. GILL, INDIVIDUALLY AND AS "GILL SELLERS' REPRESENTATIVE" (AS DEFINED IN THE ESCROW AGREEMENT)**

18.	On or about December 30, 2005 and in connection with the Purchase, the Escrow Agreement was executed, and the Escrow continues to be held by the Agent in accordance with the terms of the Escrow Agreement.

19.	On or about June 7, 2007, pursuant to a notice of claim dated June 7, 2007 Viscern Holding asserted a claim (the "Notice of Claim") to the Escrow in the amount of $533,450.

20.	On or about June 25, 2007, plaintiffs served an Objection Notice to Claim with respect to the Notice of Claim and in accordance with the terms of the Escrow Agreement.

21.	Upon information and belief, the amounts claimed in Viscern Holdings' Notice of Claim are not valid, can not be documented and do not represent claims which Viscern Holding may properly assert against the Escrow.

22.	Viscern Holding has refused, and continues to refuse, to provide evidentiary or other documentary support for the amount asserted in its Notice of Claim.

23.	But for Viscern Holding having served the Notice of Claim, the Escrow is properly payable, and would have been paid, to the plaintiffs under the terms of the Escrow Agreement.

24.	The Notice of claim has resulted in the agent's refusal to turn over the Escrow to the plaintiffs.

25.	There is a concrete, justiciable controversy between Viscern Holding and the plaintiffs.

4

26.     Plaintiffs have no adequate remedy at law.

**WHEREFORE,**

(I) Mr. Hefton prays for judgment on the First Cause of Action in the amount of any money damages established at trial or otherwise, plus appropriate interest, and requiring Viscern Holding to specifically perform the Stockholders' Agreement, including without limitation:

(i) judgment directing Viscern Holding to immediately restore, or immediately take such steps as may be necessary to restore Mr. Hefton or his designee to the Board;

(ii) judgment directing Viscern Holding to immediately produce to Mr. Hefton or his designee, a list of all current and past board members from and after December 30, 2005 to the date of judgment;

(iii) judgment directing Viscern Holding to immediately to produce to Mr. Hefton or his designee, copies of all notices of board meetings from and after December 30, 2005 to the date of judgment;

(iv) judgment directing Viscern Holding to immediately produce to Mr. Hefton or his designee copies of all minutes of board meetings from December 30, 2005 to the date of judgment;

(v) judgment directing Viscern Holding to immediately produce to Mr. Hefton or his designee copies of all documents produced to, and for, members of the Board from and after December 30, 2005 to the date of judgment; and

(vi) costs and disbursements of this action;

AND,

(II) the plaintiffs pray for judgment on the Second Cause of Action, declaring that as between the plaintiffs and Viscern Holding, Viscern Holding had, and has, no claim to the Escrow, together with the costs and disbursements of this action.

Dated: New York, New York
September 24, 2007

<div style="margin-left: 40%;">

PLATZER, SWERGOLD, KARLIN, LEVINE,
GOLDBERG & JASLOW, LLP
Attorneys for plaintiffs

By: _/s/ Steven D. Karlin_____
Steven D. Karlin
1065 Avenue of the Americas - 18th Floor
New York, New York 10018
(212) 593-3000
skarlin@platzerlaw.com

</div>