UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
CARL W. HEFTON (individually, and on                         :
behalf of DOUG TURNER, TROY FIELDS,                          :
RICHARD BLACKMON, BOB CARTER,                                :
DALE KESLER, RICHARD CAPERTON,                               :
DAN CONWAY and ELLIOTT S. OSHRY),                            :
and BEN G. GILL (individually, and on behalf                 :
of BRIAR TREE, LTD),                                         :  ANSWER AND AFFIRMATIVE
                                                             :  DEFENSES OF VISCERN
                                         Plaintiffs,         :  HOLDING CORPORATION
                                                             :
             - against -                                     :  07 Civ. 9586 (RPP)
                                                             :
VISCERN HOLDING CORPORATION,                                 :
                                                             :
                                         Defendant.          :
                                                             :
------------------------------------------------------------ X

       Defendant Viscern Holding Corporation ("Viscern"), for its answer and affirmative defenses to the Complaint in this action, alleges and states that it:

       1.      Admits the allegations in paragraph 1 of the Complaint.

       2.      Admits the allegations in paragraph 2 of the Complaint.

       3.      Admits the allegations in paragraph 3 of the Complaint, except further states that Viscern has now moved its headquarters to Rye, New York.

       4.      Denies the allegations in paragraph 4 of the Complaint, except refers to the Stockholders' Agreement for its terms.

       5.      Denies the allegations in paragraph 5 of the Complaint, except refers to the Escrow Agreement for its terms.

       6.      Denies the allegations in paragraph 6 of the Complaint, except refers to the Stockholders' Agreement and the other Purchase documents for their terms.

7. Admits the allegations in paragraph 7 of the Complaint, except denies that Mr. Hefton is rightfully the holder of the Shares.

8. Admits the allegations in paragraph 8 of the Complaint, except denies that Mr. Hefton is rightfully the holder of the Shares.

9. Denies the allegations in paragraph 9 of the Complaint, except refers to the Escrow Agreement for its terms and parties.

10. Denies the allegations in paragraph 10 of the Complaint, except admits that not less than $533,450 remains in the escrow account pursuant to the terms of the Escrow Agreement.

11. Denies the allegations in paragraph 11 of the Complaint, except refers to the Stockholders' Agreement for its terms.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Denies the allegations in paragraph 14 of the Complaint.

15. Denies the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Admits the allegations in paragraph 18 of the Complaint.

19. Admits the allegations in paragraph 19 of the Complaint.

20. Admits the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint, except admits that the Agent continues to hold amounts in Escrow pursuant to the Escrow Agreement in response to the Notice of Claim.

25. States that paragraph 25 of the Complaint purports to state legal conclusions as to which no answer is required, and otherwise denies the allegations in such paragraph.

26. Denies the allegations in paragraph 26 of the Complaint.

### Affirmative Defenses

#### FIRST AFFIRMATIVE DEFENSE

27. Plaintiffs' claims are barred in whole or in part by one or more of the doctrines of estoppel, waiver, or unclean hands.

#### SECOND AFFIRMATIVE DEFENSE

28. Richard Blackmon, Richard Caperton, Bob Carter, Dan Conway, Troy Fields, Elliot S. Oshry, and Doug Turner have each received payments from affiliates or subsidiaries of Viscern with respect to, and equal to, the amounts claimed from the escrow account on their behalf in this action by Plaintiffs, and accordingly have no injury for which Plaintiffs can seek recovery.

#### THIRD AFFIRMATIVE DEFENSE

29. Plaintiffs' claim with respect to Mr. Hefton's supposed entitlement to serve as a Director of Viscern is barred by Mr. Hefton's prior acts with respect to Viscern in violation of his fiduciary duties as a director.

- 4 -

WHEREFORE, Viscern Holding Corporation asks that this Court grant it judgment dismissing the Complaint, with prejudice, and with costs and disbursements in its favor.

Dated:  November 14, 2007

                NIXON PEABODY LLP

By: *[signature]*
        Christopher M. Mason
        CM-7146

437 Madison Avenue
New York, New York 10022
(212) 940-3000

Attorneys for Defendant