SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ X
                                         :

CARL W. HEFTON (individually, and on         :
behalf of DOUG TURNER, TROY FIELDS,    :
RICHARD BLACKMON, BOB CARTER,      :    Index No. 112971/2007
DALE KESLER, RICHARD CAPERTON,     :
DAN CONWAY and ELLIOTT S. OSHRY),  :    NOTICE OF FILING OF
and BEN G. GILL (individually, and on behalf :    NOTICE OF REMOVAL
of BRIAR TREE, LTD),                   :
                                           :
                         Plaintiffs,  :

              - against -           :

VISCERN HOLDING CORPORATION,      :
                                           :
                       Defendant. :
                                           :
------------------------------------------------------------ X

        PLEASE TAKE NOTICE that, on October 26, 2007, Defendant Viscern Holding

Corporation ("Viscern") filed a Notice of Removal, a copy of which is attached, removing this

action from the Supreme Court of the State of New York, County of New York, to the United

States District Court for the Southern District of New York.

        PLEASE TAKE FURTHER NOTICE that Viscern, in addition to filing such

Notice of Removal in the office of the Clerk of the United States District Court for the Southern

NEW YORK
COUNTY CLERK'S OFFICE

OCT 2 6 2007

NOT COMPARED
WITH COPY FILE

10772880.2

District of New York, also caused a copy of that Notice of Removal to be filed with the Clerk of the Supreme Court, County of New York, to effect removal pursuant to 28 U.S.C. § 1446(d).

Dated:  October 26, 2007

Respectfully submitted,

NIXON PEABODY LLP

By: *Christopher M. Mason*

Christopher M. Mason
437 Madison Avenue
New York, New York 10022
(212) 940-3000

Attorneys for Defendant

TO:   Steven D. Karlin
PLATZER, SWERGOLD, KARLIN, LEVINE,
   GOLDBERG & JASLOW, LLP
1065 Avenue of the Americas, 18th Floor
New York, New York 10018
(212) 593-3000

Attorneys for Plaintiffs

JUDGE PATTERSON

PITMAN

**CIVIL COVER SHEET**

07 CIV 9586

JS 44C/SDNY
REV. 1/97
WEB 12/02

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CARL W. HEFTON et al. | VISCERN HOLDING CORPORATION. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Steven D. Karlin<br>Platzer, Swergold, Karlin, Levine Goldberb & Jaslow, LLP<br>1065 Avenue of the Americas, 18th Floor<br>New York, New York 10018 | Nixon Peabody LLP<br>437 Madison Avenue<br>New York, New York 10022<br>(212) 940-3000 |

OCT 2 6 2007

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Plaintiffs Hefton and Gill seek specific performance and judgment declaring that as between plaintiffs and defendant, defendant had, and has, no claim to the Escrow.

Has this or a similar case been previously filed in SDNY at any time?  No ☒  Yes? ☐  Judge Previously Assigned

If yes, was this case Vol. ☐  Invol. ☐  Dismissed. No ☐  Yes ☐  If yes, give date _____  & Case No. _____

*(PLACE AN [X] IN ONE BOX ONLY)*        NATURE OF SUIT

| CONTRACT | TORTS | | FORFEITURE/PENALTY | ACTIONS UNDER STATUTES BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 FOOD & DRUG<br>[ ] 625 DRUG RELATED SEIZURE OF PROPERTY | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST<br>[ ] 430 BANKS & BANKING |
| [ ] 130 MILLER ACT | | | | | [ ] 450 COMMERCE/ICC RATES/ETC |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [21 USC 881] | PROPERTY RIGHTS | [ ] 460 DEPORTATION |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS<br>[ ] 640 RR & TRUCK<br>[ ] 650 AIRLINE REGS | [ ] 820 COPYRIGHTS<br>[ ] 830 PATENT<br>[ ] 840 TRADEMARK | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| | | PERSONAL PROPERTY | | | |
| [ ] 151 MEDICARE ACT | [ ] 340 MARINE | [ ] 370 OTHER FRAUD | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | SOCIAL SECURITY | [ ] 810 SELECTIVE SERVICE |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING<br>[ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER | [ ] 861 MIA (1395FF)<br>[ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| | [ ] 350 MOTOR VEHICLE<br>[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | LABOR | [ ] 863 DIWC (405(g))<br>[ ] 863 DIWW (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS | [ ] 360 OTHER PERSONAL INJURY | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 864 SSID TITLE XVI<br>[ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURE ACTS<br>[ ] 892 ECONOMIC STABILIZATION ACT |
| [ ] 160 STOCKHOLDERS SUITS | | | [ ] 720 LABOR/MGMT RELATIONS | | |
| [x] 190 OTHER CONTRACT | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | FEDERAL TAX SUITS | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 740 RAILWAY LABOR ACT<br>[ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES<br>[ ] 871 IRS-THIRD PARTY 20 USC 7609 | [ ] 894 ENERGY ALLOCATION ACT<br>[ ] 895 FREEDOM OF INFORMATION ACT |
| | | | [ ] 791 EMPL RET INC SECURITY ACT | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| REAL PROPERTY | ACTIONS UNDER STATUTES | | | | |
| | CIVIL RIGHTS | PRISONER PETITIONS | | | |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING<br>[ ] 442 EMPLOYMENT | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 220 FORECLOSURE<br>[ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING ACCOMMODATIONS | [ ] 530 HABEAS CORPUS<br>[ ] 535 DEATH PENALTY | | | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 240 TORTS TO LAND<br>[ ] 246 TORT PRODUCT LIABILITY | [ ] 444 WELFARE<br>[ ] 440 OTHER CIVIL RIGHTS | [ ] 540 MANDAMUS & OTHER<br>[ ] 550 CIVIL RIGHTS | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | | [ ] 555 PRISON CONDITION | | | |

10777108.1

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____    OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☒ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:  NO.

JUDGE _____    DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

---

**ORIGIN**

*(PLACE AN X IN ONE BOX ONLY)*

☐ 1 Original Processing  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

---

**BASIS OF JURISDICTION**

*(PLACE AN X IN ONE BOX ONLY)*

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☒ 4 DIVERSITY

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW (28 USC 1322, 1441)*

---

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]$^1$ | [ ]$^1$ | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]$^3$ | [ ]$^3$ | INCORPORATED *and* PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]$^5$ | [X]$^5$ |
| | | | | | | Incorporated – Delaware | | |
| CITIZEN OF ANOTHER STATE | [X]$^2$ | [ ]$^2$ | INCORPORATED *or* PRINCIPAL PLACE | [ ]$^4$ | [ ] | Principal place -- Connecticut FOREIGN NATION | [ ]$^6$ | [ ]$^6$ |
| Texas | | | | | | | | |

---

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

Plaintiff Hefton -- 6031 Club Oaks Drive, Dallas, Texas 75248, Dallas County
Plaintiff Gill -- 5208 Briar Tree, Dallas, Texas 75248, Dallas County

---

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

3 Greenwich Office Park, Greenwich, Connecticut 06831, Fairfield County

---

Check One:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
              *(DO NOT check either box if this a PRISONER PETITION.)*

DATE  10/26/07    SIGNATURE OF ATTORNEY OF RECORD
                  *Christopher M. Mason*
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. _10____ Yr. _1985___)
Attorney Bar Code # 7146

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

CARL W. HEFTON (individually, and on : 
behalf of DOUG TURNER, TROY FIELDS, :
RICHARD BLACKMON, BOB CARTER, :      Index No.
DALE KESLER, RICHARD CAPERTON, :
DAN CONWAY and ELLIOTT S. OSHRY), :  NOTICE OF REMOVAL
and BEN G. GILL (individually, and on behalf :
of BRIAR TREE, LTD), :

                         Plaintiffs, :

           - against - :

VISCERN HOLDING CORPORATION, :

                     Defendant. :

-------------------------------------------------------------- X

       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendant Viscern Holding Corporation ("Viscern") removes this action to the United States

District Court for the Southern District of New York. The following grounds exist for removal:

       1.     On or about September 24, 2007, Plaintiffs Carl W. Hefton and Ben G.

Gill filed a Complaint in *Hefton v. Viscern Holding Corporation*, Index No. 112971/07 (the

"State Court Action") in the Supreme Court of the State of New York, County of New York.

       2.     On September 27, 2007, Plaintiffs' counsel mailed a copy of the Summons

and Complaint in the State Court Action to counsel for Viscern.

       3.     On October 2, 2007, counsel for Viscern received the copy of the

Summons and Complaint mailed by Plaintiffs' counsel.

       4.     On October 15, 2007, Viscern was served with a copy of a Summons and

the Complaint in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a copy of the

OCT 26 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Summons and Complaint received by Viscern is attached as Exhibit A. These constitute all the process, pleadings, and orders served on Viscern in this action.

5.    Viscern is filing this Notice of Removal within thirty days after receiving notice of the State Court Action. Viscern's removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

6.    Diversity jurisdiction exists in this Court over this action pursuant to 28 U.S.C. § 1332.

7.    Plaintiff Carl W. Hefton alleges in the Complaint that he is an individual domiciled and residing in Dallas, Texas. Complaint ¶ 1. Therefore, Mr. Hefton is a citizen of the State of Texas for purposes of removal.

8.    Plaintiff Ben G. Gill alleges in the complaint that he is an individual domiciled and residing in Dallas, Texas. Complaint ¶ 2. Therefore, Mr. Gill is a citizen of the State of Texas for purposes of removal.

9.    Plaintiffs allege that Viscern is a Delaware corporation with its principal place of business in Greenwich, Connecticut. *See* Complaint ¶ 3. Therefore, Viscern is a citizen of the States of Delaware and Connecticut for purposes of removal. (Viscern is in the process of moving its headquarters to Rye, New York. This will not affect its entitlement to remove this action.)

10.    The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

11.    Among other things, Plaintiffs seek a declaration in the Complaint that "the amounts claimed in Viscern Holdings' Notice of Claim are not valid, can not be documented and do not represent claims which Viscern Holding may properly assert against the

Escrow." Complaint ¶ 21. Plaintiffs further allege that "[b]ut for Viscern Holding having served the Notice of Claim, the Escrow is properly payable, and would have been paid, to the plaintiffs under the terms of the Escrow Agreement." Complaint ¶ 23.

12.     The amount allegedly at issue in the Escrow is $533,450. Complaint ¶ 19.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the State Court Action is pending in the Supreme Court of the State of New York, County of New York.

14.     Written notice of the filing of this Notice of Removal will promptly be given to Plaintiffs and, together with a copy of this Notice of Removal, will be filed with the Clerk for the Supreme Court, New York County, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Viscern respectfully removes the State Court Action currently pending in the Supreme Court of the State of New York, County of New York, to this Court and respectfully requests that this matter proceed in this Court as an action properly removed thereto.

Dated:    October 26, 2007

NIXON PEABODY LLP

By:    *Christopher M. Mason*
Christopher M. Mason (CM 7146)
437 Madison Avenue
New York, New York 10022
(212) 940-3000

Attorneys for Defendant

TO:    Steven D. Karlin
       PLATZER, SWERGOLD, KARLIN, LEVINE,
        GOLDBERG & JASLOW, LLP
       1065 Avenue of the Americas, 18th Floor
       New York, New York 10018
       (212) 593-3000

       Attorneys for Plaintiffs

# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

*11 3971 - 07*

------------------------------------------- x

| | | |
|---|---|---|
| CARL W. HEFTON (individually, and on behalf of | : | Index No.: |
| DOUG TURNER, TROY FIELDS, | | |
| RICHARD BLACKMON, BOB CARTER, DALE | : | **SUMMONS** |
| KESLER, RICHARD CAPERTON, DAN CONWAY | | |
| AND ELLIOTT S. OSHRY), and BEN G. GILL | : | Plaintiffs' Address: |
| (individually, and on behalf of BRIARTREE, LTD) | | Carl Hefton |
| Plaintiffs, | : | 6031 Club Oaks Drive |
| | | Dallas, Texas 75248 |
| -against- | : | |
| | | Ben G. Gill |
| VISCERN HOLDING CORPORATION, | : | 5208 Briar Tree |
| | | Dallas, Texas 75248 |
| Defendant. | : | |
| | | Basis of Venue: |
| | : | Written Agreement of the Parties |

------------------------------------------- x

To The Above Named Plaintiff:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' Attorney(s), within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 24, 2007

                        PLATZER, SWERGOLD, KARLIN, LEVINE,
                        GOLDBERG & JASLOW, LLP
                        Attorneys for Plaintiffs


                        By: _____
                            Steven D. Karlin
                            1065 Avenue of the Americas
                            New York, New York 10018
                            (212) 593-3000

G:\wpdoc\working\CLIENTS\CARL HEFTON\Summons.wpd

Defendant's Address:

Viscern Holding Corporation
c/o Flinn Investments, L.P.
Three Greenwich Office Park, 2nd Floor
Greenwich CT   06831


Plaintiffs' Address:

Carl Hefton
6031 Club Oaks Drive
Dallas, Texas 75248

Ben G. Gill
5208 Briar Tree
Dallas, Texas 75248

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CARL W. HEFTON (individually, and on behalf of          :
DOUG TURNER, TROY FIELDS,
RICHARD BLACKMON, BOB CARTER, DALE          :
KESLER, RICHARD CAPERTON, DAN CONWAY
AND ELLIOTT S. OSHRY),                                   Index No.:_____
and BEN G. GILL (individually, and on behalf of BRIAR  :
TREE, LTD)
              Plaintiffs,                     :

     -against-                                           :          **COMPLAINT**

VISCERN HOLDING CORPORATION,                           :

              Defendant.                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiffs, by their attorneys, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP,

as and for their complaint against the defendant allege as follows:


## PARTIES AND JURISDICTION

      1.     Plaintiff, Carl W. Hefton ("Mr. Hefton") is, and at all times hereinafter was, an

individual domiciled and residing in Dallas, Texas.

      2.     Plaintiff Ben G. Gill ("Mr. Gill", and together with Mr. Hefton, the "plaintiffs") is,

and at all times hereinafter mentioned was, an individual domiciled and residing in Dallas, Texas.

      3.     Upon information and belief, defendant Viscern Holding Corporation ("Viscern

Holding") is, and at all times hereinafter mentioned was, a corporation organized and existing

pursuant to the laws of the state of Delaware with its principal place of business in Greenwich,

Connecticut.

      4.     Pursuant to a certain Stockholders' Agreement dated December 30, 2005 (the

"Stockholders' Agreement"), Viscern Holding and Mr. Hefton consented to exclusive jurisdiction in, *inter alia*, the courts of the state of New York.

5.    Pursuant to a certain Escrow Agreement dated December 30, 2005 (the "Escrow Agreement"), Viscern Holding and the plaintiffs consented to exclusive jurisdiction in, *inter alia*, the courts of the state of New York.

## BACKGROUND ALLEGATIONS

6.    On or about December 30, 2005 Viscern Holding purchased (the "Purchase") and the plaintiffs caused to be conveyed to Viscern Holding all of the outstanding capital stock of an entity called Viscern, Inc., and in connection therewith and as, among other things, consideration therefor, Viscern Holding and Mr. Hefton among others, executed the Stockholders' Agreement.

7.    As part of the Purchase, Mr. Hefton received, and remains the holder of, 174,562 shares of common stock (the "Shares") of Viscern Holding.

8.    The "Pro Rata Amount" of the Shares held by Mr. Hefton, as defined in the Stockholders' Agreement does not constitute less than five (5) percent of the common stock held by all stockholders of Viscern Holding.

9.    In connection with the purchase, Viscern Holding and the plaintiffs executed the Escrow Agreement.

10.    There is currently a balance of not less than $533,450 (the "Escrow") in the possession and control of an escrow agent (the "Agent") created under the terms of the Escrow Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
## BY MR. HEFTON INDIVIDUALLY FOR SPECIFIC PERFORMANCE

11.    The Stockholders' Agreement provides, *inter alia*, that unless Mr. Hefton holds less than five (5) percent of the common stock held by all stockholders of Viscern Holding, Mr. Hefton shall be entitled to serve as a director of Viscern Holding on its board of directors (the "Board").

12.    Viscern Holding has violated, and continues to violate, the Stockholders' Agreement by, among other things, (i) having removed Mr. Hefton from the Board; (ii) having prevented Mr. Hefton from attending Board meetings; (iii) having failed to provide Mr .Hefton with notice of Board meetings; (iv) having failed, and continuing to fail, to provide Mr. Hefton with documents used, circulated and/or discussed at Board meetings; (v) having failed, and continuing to fail to take any and all necessary actions to restore Mr. Hefton to his rightful position as a Board member.

13.    As a direct and proximate result of the aforedescribed actions and inactions of Viscern Holding, Mr. Hefton is unable to protect his ownership interest in Viscern Holding as expressly negotiated in, and provided for, in the Stockholders' Agreement.

14.    As a direct and proximate result of the aforedescribed actions and inactions of Viscern Holding, Mr. Hefton has incurred, and continues to incur potential liability to stockholders and others for his inability to discharge his fiduciary duties as a board member of Viscern Holding.

15.    As a direct and proximate result of the aforedescribed actions and inactions of Viscern Holding, the value of Mr. Hefton's investment in, and ownership of, Viscern Holding is, and continues to be, adversely affected in an amount which cannot yet be determined.

16.    All conditions precedent, if any, to Mr. Hefton's right to Board membership have been performed or have occurred.

17.    Mr. Hefton has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION BY MR. HEFTON, INDIVIDUALLY AND AS "SELLER'S REPRESENTATIVE"(AS DEFINED IN THE ESCROW AGREEMENT), AND BY MR. GILL, INDIVIDUALLY AND AS "GILL SELLERS' REPRESENTATIVE" (AS DEFINED IN THE ESCROW AGREEMENT)

18.    On or about December 30, 2005 and in connection with the Purchase, the Escrow Agreement was executed, and the Escrow continues to be held by the Agent in accordance with the terms of the Escrow Agreement.

19.    On or about June 7, 2007, pursuant to a notice of claim dated June 7, 2007 Viscern Holding asserted a claim (the "Notice of Claim") to the Escrow in the amount of $533,450.

20.    On or about June 25, 2007, plaintiffs served an Objection Notice to Claim with respect to the Notice of Claim and in accordance with the terms of the Escrow Agreement.

21.    Upon information and belief, the amounts claimed in Viscern Holdings' Notice of Claim are not valid, can not be documented and do not represent claims which Viscern Holding may properly assert against the Escrow.

22.    Viscern Holding has refused, and continues to refuse, to provide evidentiary or other documentary support for the amount asserted in its Notice of Claim.

23.    But for Viscern Holding having served the Notice of Claim, the Escrow is properly payable, and would have been paid, to the plaintiffs under the terms of the Escrow Agreement.

24.    The Notice of claim has resulted in the agent's refusal to turn over the Escrow to the plaintiffs.

25.    There is a concrete, justiciable controversy between Viscern Holding and the plaintiffs.

26.     Plaintiffs have no adequate remedy at law.


**WHEREFORE,**

(I) Mr. Hefton prays for judgment on the First Cause of Action in the amount of any money damages established at trial or otherwise, plus appropriate interest, and requiring Viscern  Holding to specifically perform the Stockholders' Agreement, including without limitation:

(i) judgment directing Viscern Holding to immediately restore, or immediately take such steps as may be necessary to restore Mr. Hefton or his designee to the Board;

(ii) judgment directing Viscern Holding to immediately produce to Mr. Hefton or his designee, a list of all current and past board members from and after December 30, 2005 to the date of judgment;

(iii) judgment directing Viscern Holding to immediately to produce to Mr. Hefton or his designee, copies of all notices of board meetings from and after December 30, 2005 to the date of judgment;

(iv) judgment directing Viscern Holding to immediately produce to Mr. Hefton or his designee copies of all minutes of board meetings from December 30, 2005 to the date of judgment;

(v) judgment directing Viscern Holding to immediately produce to Mr. Hefton or his designee copies of all documents produced to, and for, members of the Board from and after December 30, 2005 to the date of judgment; and

(vi) costs and disbursements of this action;

AND,

(II) the plaintiffs pray for judgment on the Second Cause of Action, declaring that as between the plaintiffs and Viscern Holding, Viscern Holding had, and has, no claim to the Escrow, together with the costs and disbursements of this action.

Dated: New York, New York
      September 24, 2007

                       PLATZER, SWERGOLD, KARLIN, LEVINE,
                       GOLDBERG & JASLOW, LLP
                       Attorneys for plaintiffs

               By: _____
                       Steven D. Karlin
                       1065 Avenue of the Americas - 18th Floor
                       New York, New York 10018
                       (212) 593-3000
                       skarlin@platzerlaw.com

07 CIV 9586

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

CARL W. HEFTON (individually, and on :
behalf of DOUG TURNER, TROY FIELDS, :
RICHARD BLACKMON, BOB CARTER, :
DALE KESLER, RICHARD CAPERTON, :       07 Civ. [number]
DAN CONWAY and ELLIOTT S. OSHRY), :
and BEN G. GILL (individually, and on behalf :    RULE 7.1 DISCLOSURE
of BRIAR TREE, LTD), :                 STATEMENT

                                        :
                        Plaintiffs, :

                                        :
      - against - :

                                        :
VISCERN HOLDING CORPORATION, :

                                        :
                        Defendant. :

                                        :
------------------------------------------------------- X

        Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable Judges

and Magistrate Judges of the Court to evaluate possible disqualification or recusal, defendant

Viscern Holding Corporation, a non-governmental corporate party, by its undersigned counsel

Nixon Peabody LLP, states that it is not publicly traded.  Viscern, Inc. is a wholly-owned

subsidiary of Viscern Holding Corporation. Viscern Holding Corporation also has the following

corporate affiliates: Resources Services, Inc., Ketchum Incorporated, Resource Services Capital

Corporation RSI Financial Services, Inc., Spruce Lodge 293/295, L.L.C. and RSI Fund Raising

(Canada) Ltd.

Dated:  October 26, 2007

NIXON PEABODY LLP

By:    *Christopher M. Mason*

Christopher M. Mason (CM 7146)
437 Madison Avenue
New York, New York 10022
(212) 940-3000

Attorneys for Plaintiff-Appellant


TO:    Steven D. Karlin
PLATZER, SWERGOLD, KARLIN, LEVINE,
  GOLDBERG & JASLOW, LLP
1065 Avenue of the Americas
18th Floor
New York, New York 10018
(212) 593-3000

Attorneys for Defendant-Respondent