# PLATZER, SWERGOLD, KARLIN,
## LEVINE, GOLDBERG & JASLOW, LLP
*COUNSELORS AT LAW*

1065 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10018
TELEPHONE 212.593.3000
FACSIMILE 212.593.0353

WWW.PLATZERLAW.COM

PLAZA 1000 AT MAIN STREET
SUITE 208
VOORHEES, NEW JERSEY 08043
TELEPHONE 856.782.8644

☐ *If checked, reply to New Jersey Office*

August 20, 2007

**VIA HAND DELIVERY AND MAIL**
Christopher Mason, Esq.
Nixon Peabody
437 Madison Avenue
New York, NY  10022-7001

    Re:    <u>Viscern Holding Corporation Notice of Claim</u>

Dear Mr. Mason:

    Reference is made to the Escrow Agreement dated December 30, 2005 ("Escrow Agreement"), letter dated June 7, 2007 from Viscern Holding Corporation ("Viscern") purporting to constitute a Notice of Claim under the Escrow Agreement, objection to Notice of Claim dated June 25, 2007, letter to Bradley Vaiana at Nixon Peabody from Mr. Drakeley dated July 5, 2007, letter from you to Mr. Drakeley dated July 6, 2007 and letter from Mr. Drakeley to you dated July 16, 2007.

    This firm has been retained by Carl W. Hefton, as Sellers' Representative and Ben G. Gill as Gill Sellers' Representative to protect and enforce their rights under the Escrow Agreement. It appears to us that Viscern prefers to address issues between and among the parties by resort to litigation as evidenced by Viscern's prior initiation of meritless litigation in the New York Supreme Court and your ongoing failure – and apparent refusal – to extend the courtesy of a return phone call to Mr. Drakeley's numerous, unanswered telephone calls to your office.

    While we will be happy to accommodate your client's desire to litigate by applying to a court of competent jurisdiction for an order or judgment, as contemplated by the Escrow Agreement, we nonetheless write to you because it is in *our* clients' best interest to avoid, and New York State and Federal Courts generally frown upon, unnecessary litigation. Our clients, therefore, hereby request – as they have previously requested – that Viscern provide to us documentary substantiation of the refund obligations referred to in Viscern's letter dated June 7, 2007. We remind you that your continued unjustified and unreasonable refusal to substantiate the refund obligations will form part

G:\wpdocs\working\STAFF\Dollie\Mason: C ltr.wpd

Christopher Mason, Esq.
Nixon Peabody
Page -2-
August 20, 2007

and parcel of the procedural history of this matter in any litigation necessitated thereby.

    Failing to receive such substantiation, within ten (10) days from the date hereof, we will assume that none exists and will take all such steps as are necessary to enforce our clients' rights with respect to, *inter alia,* the Escrow Agreement.

                          Very truly yours,

                          Steven D. Karlin

SDK:nm
cc:    James Drakeley, Esq.

G:\wpdocs\working\STAFF\Dollie\Mason C ltr.wpd