UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                                               :

CARL W. HEFTON (individually, and on      :
behalf of DOUG TURNER, TROY FIELDS,    :
RICHARD BLACKMON, BOB CARTER,        :
DALE KESLER, RICHARD CAPERTON,        :
DAN CONWAY and ELLIOTT S. OSHRY),   :
and BEN G. GILL (individually, and on behalf  :
of BRIAR TREE, LTD),                     :     07 Civ. 9586 (RPP)
                                                        :
                                    Plaintiffs,  :
                                                        :
                - against -                     :
                                                        :
VISCERN HOLDING CORPORATION,         :
                                                        :
                                    Defendant.  :
                                                        :
------------------------------------------------------------ X


## MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFFS' MOTION TO REMAND


Christopher M. Mason
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022
(212) 940-3000
cmason@nixonpeabody.com

Attorneys for Defendant
Viscern Holding Corporation

Of Counsel:

Matthew T. McLaughlin
Elizabeth G. Land

10821380.8

Table of Contents

Page

Table of Authorities ................................................................................................... ii

Preliminary Statement ............................................................................................ - 1 -

Statement of Facts .................................................................................................. - 1 -

Argument ................................................................................................................ - 2 -

POINT I .................................................................................................................. - 2 -

THIS COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION .......... - 2 -

POINT II ................................................................................................................. - 5 -

PLAINTIFFS' RELIANCE ON 28 U.S.C. § 1441(c) IS MISPLACED ................. - 5 -

POINT III ................................................................................................................ - 8 -

THE FORUM SELECTION CLAUSES cited by plaintiffs DO NOT CONTAIN A WAIVER OF
        REMOVAL ................................................................................................ - 8 -

POINT IV ............................................................................................................... - 11 -

ATTORNEYS' FEES SHOULD NOT BE AWARDED against viscern ............. - 11 -

Conclusion ............................................................................................................ - 12 -

Table of Authorities

Cases                                                                                                                         Pages

*Achtman v. Kirby, McInerney & Squire, LLP*,
   464 F.3d 328 (2d Cir. 2006) ..................................................................................  4 n.2

*Alcorn v. State Farm Lloyds*,
   No. CA 3:98-CV-0772-BC,
   1998 U.S. Dist. LEXIS 17144
   (N.D. Tex. Oct. 23, 1998) .....................................................................................  6

*Allsup v. Liberty Mut. Ins. Co.*,
   782 F. Supp. 325 (N.D. Tex. 1991) .......................................................................  7

*Bady v. Estate of Dr. Steven Woodrow*,
   941 F. Supp. 71 (N.D. Miss. 1996) ........................................................................  7

*Basu v. Robson Woese, Inc.*,
   No. 1:03CV00098, 2003 U.S. Dist. LEXIS 6905
   (M.D.N.C. Apr. 22, 2003) ......................................................................................  10

*Beneficial Nat'l Bank v. Anderson*,
   539 U.S. 1 (2003) ..................................................................................................  5 n.3

*Bird v. Carteret Mortgage Corp.*,
   No. 2:06-cv-0588, 2007 U.S. Dist. LEXIS 471
   (S.D. Ohio Jan. 5, 2007) ........................................................................................  7

*Bradley v. Advanced Tech. Servs.*,
   No. 1:07cv53, 2007 U.S. Dist. LEXIS 36116
   (W.D.N.C. May 17, 2007) .....................................................................................  6

*Capital Bank and Trust Co. v. Associated Int'l Ins. Co.*,
   576 F. Supp. 1522 (M.D. La. 1984) .......................................................................  9

*Chase v. Shop 'N Save Warehouse Foods*,
   110 F.3d 424 (7th Cir. 1997) ..................................................................................  11

*Chicago v. Int'l College of Surgeons*,
   522 U.S. 156 (1997) ..............................................................................................  4

*Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*,
   183 F.3d 105 (2d Cir. 1999) ...................................................................................  11

| Cases | Pages |
|---|---|
| *Concorde Fin. Corp. v. Value Line, Inc.*, No. 03 Civ. 8020 (NRB), 2004 U.S. Dist. LEXIS 2040 (S.D.N.Y. Feb. 11, 2004) | 3 n.1 |
| *Deajess Medical Imaging, P.C. v. Allstate Ins. Co.*, 381 F. Supp. 2d 307 (S.D.N.Y. 2005) | 3 |
| *Dunlop v. City of New York*, No. 06-CV-433 (KMK) (JCF), 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. Oct. 3, 2006) | 4 n.2 |
| *E.H. Keen & Son, Inc. v. Kaolin Mushroom Farms, Inc.*, No. 97-5623, 1997 U.S. Dist. LEXIS 17937 (E.D. Pa. Nov. 7, 1997) | 6 |
| *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) | 4, 5 n.3 |
| *Horn v. Kmart Corp.*, No. 1:06-CV-493, 2007 U.S. Dist. LEXIS 27929 (S.D. Ohio Apr. 16, 2007) | 2 |
| *Karonis Enters., Inc. v. Commercial Union Ins. Co.*, No. 94 C 1092, 1994 U.S. Dist. LEXIS 18544 (N.D. Ill. Dec. 29, 1994) | 3, 6 |
| *Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328 (S.D.N.Y. 2005) | 9, 11 |
| *Lavan Petroleum Co. v. Underwriters at Lloyd's*, 334 F. Supp. 1069 (S.D.N.Y. 1971) | 9 |
| *Lloyd v. Kull*, 329 F.2d 168 (7th Cir. 1964) | 3 |
| *Mastec Latin Am. v. Inepar S/A Industrias E Construcoes*, 03 cv 9892 (GBD), 2004 U.S. Dist. LEXIS 13132 (S.D.N.Y. July 13, 2004) | 11 |
| *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 510 F. Supp. 2d 299 (S.D.N.Y. 2007) | 4 n.2, 5 n.4 |

| Cases | Pages |
|---|---|
| *Newly Weds Foods, Inc. v. A. M. Todd Group, Inc.*, No. 03 C 7827, 2004 U.S. Dist. LEXIS 237 (N.D. Ill. Feb. 18, 2004) | 10 |
| *Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A.*, 760 F.2d 390 (2d Cir. 1985) | 10 |
| *Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc.,* 166 F.3d 59 (2d Cir. 1999) | 3 |

Statutes and Rules

| | |
|---|---|
| 28 U.S.C.A. § 1332 (West 2007) | 1, 2 |
| 28 U.S.C.A. § 1367 (West 2007) | 4 n.2, 5 n.3 & n.4 |
| 28 U.S.C.A. § 1441 (West 2007) | 1, 2, 5, 6, 7, 8 |
| 28 U.S.C.A. § 1445 (West 2007) | 7 |
| 28 U.S.C.A. § 1447 (West 2007) | 11 |

Defendant Viscern Holding Corporation ("Viscern" or "the Company") respectfully submits this memorandum of law in opposition to Plaintiffs' motion to remand this action.

Preliminary Statement

This Court should deny Plaintiffs' motion. Viscern properly removed this action pursuant to 28 U.S.C. § 1441(a) based on this Court's diversity jurisdiction under 28 U.S.C. § 1332. Forum selection clauses in the contract between Viscern and Plaintiffs, clauses that require or permit suit in this Court, could not and did not waive Viscern's right to remove.

Statement of Facts

On or about September 24, 2007, Plaintiffs filed their Complaint in New York state court. The Complaint alleges two causes of action against Viscern. First, on behalf of Plaintiff Carl W. Hefton, it alleges that Viscern violated a Stockholders' Agreement dated December 30, 2005 between, among others, Mr. Hefton and Viscern. As a remedy for that alleged breach, the Complaint seeks an order requiring Viscern to reinstate Mr. Hefton (who was terminated months ago) to the Board of Directors of the Company. Complaint ¶ 12. Second, on behalf of both Mr. Hefton and Plaintiff Ben G. Gill, the Complaint alleges that, pursuant to an Escrow Agreement dated December 30, 2005 executed by Viscern and by Messrs. Hefton and Gill (on behalf of themselves and others), Plaintiffs are entitled to $533,450 remaining in an escrow account. Complaint ¶¶ 10, 19, 23.

On October 26, 2007, Viscern timely filed a notice of removal pursuant to 28 U.S.C. § 1441(a) based on this Court's diversity jurisdiction. Diversity is clear: Plaintiffs allege in the Complaint that they are citizens of Texas, and that Viscern is a citizen of Delaware and Connecticut. Complaint ¶¶ 1-3. In addition, the amount in controversy in this action plainly exceeds $75,000: Plaintiffs claim all of the $533,450 allegedly in escrow. *See* Complaint ¶ 23.

Argument

On November 19, 2007, Plaintiffs moved to remand, arguing that this Court lacks jurisdiction, or that 28 U.S.C. § 1441(c) bars removal, or that Viscern had waived its right to remove. *See* Memorandum of Law in Support of Plaintiffs' Motion to Remand ("Plaintiffs' Br.") at 4-8. None of those arguments is correct.

POINT I

THIS COURT HAS ORIGINAL JURISDICTION OVER THIS ACTION

Plaintiffs acknowledge that complete diversity of citizenship exists between the parties in this action. *See* Plaintiffs' Br. at 3. They also concede, as they must, that the amount in controversy in this action exceeds $75,000. *See* Plaintiffs' Br. at 4. Plaintiffs even recognize that Viscern removed this action pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship under 28 U.S.C. § 1332. *See* Plaintiffs' Br. at 3; *accord* Notice of Removal dated October 26, 2007, at 2. Notwithstanding these uncomplicated, and uncontested, facts, Plaintiffs inexplicably argue that removal was improper.

The federal subject matter jurisdiction and removal statutes at issue focus on entire actions. Thus, "district courts shall have original jurisdiction of all civil *actions* where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a) (West 2007) (emphasis added). Similarly, "any civil *action* brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court . . . ." *Id.* § 1441(a) (West 2007) (emphasis added). Because no one disputes that complete diversity exists here, or that this action as a whole involves more than $75,000, this Court has original jurisdiction over the action and removal of the action was proper. *See, e.g., Horn v. Kmart Corp.*, No. 1:06-CV-493, 2007 U.S.

- 2 -

Dist. LEXIS 27929, at *12-13 (S.D. Ohio Apr. 16, 2007) (the phrase "civil action" in 28 U.S.C. § 1441(a) refers to an entire case, not each claim separately).

Plaintiffs provide little detail on this point, but apparently they believe their action could not be removed because it includes, as its first cause of action, a demand by Mr. Hefton for a seat on the Viscern Board. *See* Plaintiffs' Br. at 3, 4; *accord id.* at 6 (alleging that the first cause of action is "patently non-removable"). If Plaintiffs' argument is that this first cause of action fails to meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a), and therefore the entire action is not removable, they are wrong. It is well established, for example, that "a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement." *Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999); *see also, e.g., Deajess Medical Imaging, P.C. v. Allstate Ins. Co.*, 381 F. Supp. 2d 307, 310 (S.D.N.Y. 2005) ("Under the diversity statute it is ordinarily permissible for plaintiffs to aggregate claims in order to satisfy the amount in controversy requirement."); *Karonis Enters., Inc. v. Commercial Union Ins. Co.* No. 94 C 1092, 1994 U.S. Dist. LEXIS 18544, at *3-4 (N.D. Ill. Dec. 29, 1994) ("In order to meet the jurisdictional requirement of Section 1332, all claims of a plaintiff against a single defendant may be aggregated" regardless of whether they are related to each other) (quoting *Lloyd v. Kull*, 329 F.2d 168, 170 (7th Cir. 1964)).[1]

---

[1] Even if Plaintiffs' claims could not be aggregated, the first cause of action would nonetheless still appear to satisfy the amount in controversy requirement by itself. Where a plaintiff seeks non-monetary relief, as Mr. Hefton does, the Court should "endeavor to quantify such relief" to determine if the amount in controversy is satisfied. *Concorde Fin. Corp. v. Value Line, Inc.*, No. 03 Civ. 8020 (NRB), 2004 U.S. Dist. LEXIS 2040, at *6 (S.D.N.Y. Feb. 11, 2004). Mr. Hefton claims that he owns 17.5% of Viscern. *See* Affirmation of Steven D. Karlin ("Karlin Aff.") Ex. E, at 1. The Escrow Agreement escrowed $2,550,000 from the acquisition of Mr. Hefton's former company that is now owned by Viscern. *See* Escrow Agreement § 2. (Copies of the Escrow Agreement and Stockholders' Agreement are attached as Karlin Aff.

- 3 -

Were this Court nonetheless to decide that it did not have diversity jurisdiction over Plaintiffs' entire action because the first cause of action in the Complaint would not meet the $75,000 amount in controversy requirement on its own, remand would still not be proper. No one disputes that the second cause of action in the Complaint meets all of the requirements for diversity jurisdiction. This allows the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the first cause of action.[2]

The United States Supreme Court recently reaffirmed this jurisdictional arrangement in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). There, the Court expressly rejected the argument that "a district court lacks original jurisdiction over a civil action unless the court has original jurisdiction over every claim in the complaint." 545 U.S. 546, 560 (2005). To the contrary, if a District Court has original jurisdiction over *any* of the claims in a complaint, such claims "suffice to make the action[] a 'civil action[]' within the 'original jurisdiction' of the district courts for purposes of removal." *See id.* at 563 (quoting *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997)); *accord, e.g., id.* 559 ("[i]f the

---

Exs. C and B, respectively.) This was not the purchase price of the company now owned by Viscern, which was $34,000,000; it was simply the amount held back against certain claims. *See, e.g.*, Escrow Agreement § 3. Thus, Mr. Hefton's interest in a Board seat appears to relate to his desire to protect stock that he values in the millions of dollars. *See* Complaint ¶¶ 12-13, 15. This tends to indicate that his economic interest in the first cause of action exceeds $75,000.

[2] *See* 28 U.S.C.A. § 1367(a) (West 2007) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy . . . ."). There is no question that both causes of action alleged by Plaintiffs here are part of the same "case or controversy." *See, e.g., In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 510 F. Supp. 2d 299, 321-22, 325 (S.D.N.Y. 2007) (claims satisfy this standard if they "'derive from a common nucleus of operative facts . . . .'") (quoting *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006)); *see also, e.g., Dunlop v. City of New York*, No. 06-CV-433 (KMK) (JCF), 2006 U.S. Dist. LEXIS 72315, at *13 (S.D.N.Y. Oct. 3, 2006). Here, both claims in the Complaint arise out of agreements entered into between the parties as part of a corporate acquisition, *see* Complaint ¶¶ 6, 8, 18, and out of the alleged actions of Viscern vis-à-vis Plaintiffs after that acquisition, *see, e.g.,* Complaint ¶¶ 12, 22.

court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a)"). Once a case is removed, the District Court has original jurisdiction over the claim or claims that would have been removable anyway, and supplemental jurisdiction over the others. *See id.*[3]

As these cases indicate, either original diversity jurisdiction exists over this entire action, or original diversity jurisdiction exists as to the second cause of action in the Complaint, and supplemental jurisdiction exists as to its first cause of action.[4] In either case, this Court should reject Plaintiffs' arguments for remand based on any theory of lack of jurisdiction.

POINT II

PLAINTIFFS' RELIANCE ON 28 U.S.C. § 1441(c) IS MISPLACED

Because Plaintiffs cannot advance a sound argument for remand under statutes or case law directly applicable to the removal by Viscern, they instead rest much of their motion on a wholly inapplicable statutory subsection, 28 U.S.C. § 1441(c), and its legislative history. *See*

---

[3] Thus, a state law claim otherwise lacking a federal jurisdictional basis can be removed, and then supported by supplemental jurisdiction under 28 U.S.C. § 1367(a), so long as another claim in the complaint is removable. *See, e.g., Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 n.3 (2003) ("Of course, a state claim can also be removed through the use of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a) . . . provided that another claim in the complaint is removable."). The harder question—which the Supreme Court answered favorably in *Allapattah* as well—is whether 28 U.S.C. § 1367 also provides for jurisdiction over a *plaintiff* by whom no otherwise-removable claim had been made. The Court held that "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." 545 U.S. at 549 (2005). Here, this question does not matter, because Mr. Hefton is also a party to the second cause of action in the Complaint, which Plaintiffs concede "falls under this Court's original diversity jurisdiction." Plaintiffs Br. at 4.

[4] None of the factors that would provide the Court with discretion to decline to exercise supplemental jurisdiction exists here. *See* 28 U.S.C.A. § 1367(c) (West 2007); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 510 F. Supp. 2d at 327.

Plaintiffs' Br. at 4-6. That particular statutory subsection provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction *conferred by section 1331* . . . is joined with one or more otherwise non-removable claims . . . the entire case may be removed . . . ." 28 U.S.C.A. § 1441(c) (West 2007) (emphasis added). As both this text and the cases interpreting it make clear, subsection 1441(c) applies only to cases removed on the basis of federal question jurisdiction, *not* to cases removed on some other basis.

In *Karonis Enters., Inc. v. Commercial Union Ins. Co.,* for example, the plaintiff, like Plaintiffs here, tried to argue that 28 U.S.C. § 1441(c) required remand in a case removed on the basis of diversity of citizenship. The court responded that:

> Section 1441(c), of course, has nothing to do with this case. Section 1441(c) plainly applies only to cases removed on the basis of federal question jurisdiction (hence the reference to Section 1331, the general federal question statute), not to cases removed on the basis of diversity jurisdiction (hence the lack of reference to Section 1332, the diversity jurisdiction statute). If plaintiff could not grasp this from a plain reading of the statute, minimal research would have revealed it . . . . This case was not removed on the basis of federal question jurisdiction. Section 1441(c) is plainly inapplicable. Plaintiff's argument based on this statute is wholly unsupportable.

No. 94 C 1092, 1994 U.S. Dist. LEXIS 18544, at *21-22; a*ccord Bradley v. Advanced Tech. Servs.*, No. 1:07cv53, 2007 U.S. Dist. LEXIS 36116, at *3-4 (W.D.N.C. May 17, 2007) ("It is beyond argument that [§ 1441(c) has] . . . no application to removal and remand of diversity actions") (citation omitted); *Alcorn v. State Farm Lloyds*, No. CA 3:98-CV-0772-BC, 1998 U.S. Dist. LEXIS 17144, at *9 (N.D. Tex. Oct. 23, 1998) (rejecting remand argument under 28 U.S.C. § 1441(c) because "the instant cause was removed pursuant to diversity of citizenship under § 1332"); *E.H. Keen & Son, Inc. v. Kaolin Mushroom Farms, Inc.*, No. 97-5623, 1997 U.S. Dist. LEXIS 17937, at *3 (E.D. Pa. Nov. 7, 1997) ("§1441(c) is inapplicable to removal in this case, because it is not a federal question case").

The three cases that Plaintiffs cite to support their argument do not change this now-settled interpretation of 28 U.S.C. § 1441(c). To the contrary, those cases support Viscern's position.

In *Bird v. Carteret Mortgage Corp.*, for example, the plaintiffs were Ohio residents, as was one of the defendants. *See* No. 2:06-cv-0588, 2007 U.S. Dist. LEXIS 471, at *1 (S.D. Ohio Jan. 5, 2007). Despite this lack of complete diversity, a second defendant (not from Ohio) sought to remove the case, relying on the doctrines of fraudulent joinder and fraudulent misjoinder. *Id.* at *2. Rejecting those arguments, the court noted that, because there was no diversity to begin with, and neither claim in the action arose under federal law, the case could not be removed and 28 U.S.C. § 1441(c) did not apply. *See id.* at *11-12.

Similarly, in *Bady v. Estate of Dr. Steven Woodrow*, the plaintiff filed a state law claim against two defendants, one of whom was not diverse, thereby making the claim "non-removable." 941 F. Supp. 71, 71-72 (N.D. Miss. 1996). The diverse defendant nevertheless removed the case, attempting to rely affirmatively on 28 U.S.C. § 1441(c), which the court rightly found did not apply to a case where jurisdiction was not based on the existence of a federal question. *Id.*

Finally, in *Allsup v. Liberty Mut. Ins. Co.,* the underlying causes of action were state law workmen's compensation claims. 782 F. Supp. 325, 326 (N.D. Tex. 1991). The express language of 28 U.S.C. § 1445 provides that workmen's compensation claims "may *not* be removed" to federal court. *Id.* (citing 28 U.S.C.A. §1445(c) (West 2007)) (emphasis added). Remand was proper for this reason. (In *dicta*, the *Allsup* court also reiterated what other courts have observed: that 28 U.S.C. § 1441(c) only applies when jurisdiction is based on the existence of a federal question. *Id.* at 327.)

As these cases make clear, 28 U.S.C. § 1441(c) has no relevance here. Viscern removed on the basis of diversity jurisdiction, and the underlying causes of action in the Complaint do not involve workmen's compensation issues.

POINT III

THE FORUM SELECTION CLAUSES CITED BY PLAINTIFFS DO NOT CONTAIN A WAIVER OF REMOVAL

Lacking any proper statutory or case law support for their position, Plaintiffs also argue that forum selection clauses in the Stockholders' Agreement and the Escrow Agreement forbade Viscern to remove this action. To the contrary, both provisions expressly permit—and one *requires—*selection of this Court as the forum for this case.

First, Paragraph 7.3 of the Stockholders' Agreement provides, in relevant part, that:

> EACH OF THE PARTIES IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION THAT THEY MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY . . . ACTION OR PROCEEDING IN THE COURTS OF THE STATE OF NEW YORK LOCATED IN NEW YORK COUNTY OR THE SOUTHERN DISTRICT OF NEW YORK AND ANY CLAIM THAT ANY SUCH ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN ANY INCONVENIENT FORUM.

Second, Section 9(e) of the Escrow Agreement provides, in relevant part (emphasis added), that:

> Each party agrees to commence any . . . action, suit or proceeding either in the United States District Court of New York for the Southern District of New York *or if such suit, action or other proceeding may not be brought in such court for jurisdictional reasons, in the Supreme Court of the State of New York, New York County* . . . . Each party irrevocably and unconditionally waives any objections to the laying of venue of any action, suit or proceeding arising out of this Agreement or the transactions contemplated hereby in (A) the Supreme Court of the State of New York, New York County or (B) the United States District Court for the Southern District of New York . . . .

As the italicized language above indicates, Plaintiffs actually breached their contractual obligations by commencing this suit in state court. They have no right to complain

that Viscern has mitigated the damages from that breach by removing this case to the proper forum.

Rather than follow the plain language of their own contracts, however, Plaintiffs offer three cases involving forum selection clauses very different from the ones in the Stockholders' Agreement or Escrow Agreement. In each of those three cases the relevant forum selection clause expressly provided the plaintiff the *exclusive* right to choose the forum in which to litigate, thereby waiving the defendant's right to seek removal. *See Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 330-31 (S.D.N.Y. 2005); *Capital Bank and Trust Co. v. Associated Int'l Ins. Co.*, 576 F. Supp. 1522, 1525 (M.D. La. 1984); *Lavan Petroleum Co. v. Underwriters at Lloyd's*, 334 F. Supp. 1069, 1073 (S.D.N.Y. 1971). In *Koninklijke Philips Elecs.*, for example, which Plaintiffs disingenuously claim involved a forum selection clause "strikingly similar to the one in this proceeding", *see* Plaintiffs' Br. at 7, the parties' agreement actually provided that "'[a]ny disputes between the parties hereto in connection with this Agreement . . . shall be submitted to any state or federal courts in The State of New York . . . [and plaintiff has] *sole discretion* [to] submit any such dispute either to the state or federal courts.'" 358 F. Supp. 2d at 330 (emphasis added). The court held that the defendant had surrendered its right to seek removal by accepting this forum selection clause that expressly gave the plaintiff the "sole discretion to choose the forum." *Id.* at 335 & n.6.

The forum selection clauses in the Stockholders' Agreement and the Escrow Agreement do not grant Plaintiffs the exclusive right to select a forum. Instead, under the Stockholders' Agreement, either party may choose to bring a suit in either the Supreme Court of the State of New York, New York County, *or* the United States District Court for the Southern District of New York, and under the Escrow Agreement either party must first consider the

- 9 -

United States District Court for the Southern District of New York, and may only choose New York state court if jurisdiction is lacking in this federal forum.

Courts that have considered forum selection clauses more like the ones in the Stockholders' Agreement and the Escrow Agreement regularly refuse to grant motions to remand based on them. In *Basu v. Robson Woese, Inc.*, for example, the parties agreed that:

> In case of litigation, in respect to this Agreement, North Carolina law will apply and any suit shall be filed in the North Carolina General Court of Justice in Durham County or in the United States District Court for the Middle District of North Carolina and parties to the Agreement consent to the exclusive jurisdiction and venue in said Courts.

No. 1:03CV00098, 2003 U.S. Dist. LEXIS 6905, at *6-7 (M.D.N.C. Apr. 22, 2003). In denying the plaintiff's motion to remand, the court held that, although the defendant had in effect limited its right of removal so that it could only remove to a specific federal court, it had not waived the right to remove altogether. *Id.* at *11; *see also Proyecfin de Venezuela, S.A. v. Banco Industrial de Venezuela, S.A.*, 760 F.2d 390, 397 (2d Cir. 1985) ("a forum selection clause that merely puts jurisdiction in either a federal or a state court does not constitute [a] . . . waiver of the . . . right to remove").

Likewise, in *Newly Weds Foods, Inc. v. A. M. Todd Group, Inc.*, the parties agreed that they would submit to the exclusive jurisdiction and venue of any state court in a particular Illinois county, or of any federal court in the Northern District of Illinois. No. 03 C 7827, 2004 U.S. Dist. LEXIS 2375, at *1-2 (N.D. Ill. Feb. 18, 2004). The court held that such a forum selection clause "represents the parties' consent to the jurisdiction of *any* state or federal court within a geographic region, not the waiver of defendant's right to remove." *Id.* at *2-3. As decisions such as this indicate, neither properly applicable case law, nor the plain language of the forum selection clauses in the Shareholders' Agreement and the Escrow Agreement, supports Plaintiffs' arguments for remand.

POINT IV

ATTORNEYS' FEES SHOULD NOT BE AWARDED AGAINST VISCERN

Because this Court should not remand this case, it need not consider any award of costs or fees against Viscern pursuant to 28 U.S.C. § 1447(c). (It may want, given some of Plaintiffs' arguments, to consider an award of fees and costs against Plaintiffs, however. *See, e.g.*, *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 430-431 (7th Cir. 1997)). Even if the Court incorrectly decided not to retain jurisdiction of this case, however, awarding fees and costs to Plaintiffs would not be appropriate. Most obviously, Plaintiffs have not shown "that defendant's removal of the action was merely an attempt to abuse or harass plaintiff, or to force plaintiff to incur unnecessarily [sic] expenses . . . ." *Mastec Latin Am. v. Inepar S/A Industrias E Construcoes*, 03 cv 9892 (GBD), 2004 U.S. Dist. LEXIS 13132, at *14 (S.D.N.Y. July 13, 2004) (citing *Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.*, 183 F.3d 105, 109 (2d Cir. 1999)). "An award of costs and attorney's fees is [therefore] unwarranted" against Viscern, no matter what the decision on the issue of remand. *Id.; see also, e.g., Koninklijke Philips Elecs.* 358 F. Supp. 2d at 335.

<u>Conclusion</u>

For the reasons stated above, this Court should deny Plaintiffs' motion.

Dated:   December 7, 2007

            NIXON PEABODY LLP

      By: <u>/s/ Christopher M. Mason</u>
         Christopher M. Mason (CM-7146)

         437 Madison Avenue
         New York, New York 10022
         (212) 940-3000
         cmason@nixonpeabody.com

         Attorneys for Defendant
         Viscern Holding Corporation

Of Counsel:

Matthew T. McLaughlin (MM-7462)
Elizabeth G. Land (EL-0707)