UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARL W. HEFTON (individually, and on behalf of  :
DOUG TURNER, TROY FIELDS, RICHARD
BLACKMON, BOB CARTER, DALE KESLER,             :
RICHARD CAPERTON, DAN CONWAY AND
ELLIOTT S. OSHRY), and BEN G. GILL (individually, :    07-CV-9586 (RPP)
and on behalf of BRIAR TREE, LTD)
                                                :
            Plaintiffs,
                                                :
    -against-
                                                :
VISCERN HOLDING CORPORATION,
                                                :
            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**


STEVEN D. KARLIN
Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP
Attorneys for Plaintiffs
1065 Avenue of the Americas - 18th Floor
New York, New York 10018
212-593-3000

G:\wpdocs\working\Clients\CARL HEFTON\Plaintiffs' Reply Memo of Law.wpd

**PRELIMINARY STATEMENT**

Hefton[1] offers this reply memorandum to (i) point out Holding's failure to meet a material portion of its burden of proof in seeking removal, (ii) further explain that 28 U.S.C. §1441(c) was amended to *limit* removal based upon diversity and not to expand it – as would result under Holding's interpretation of the 1990 Amendment, and (iii) to reiterate that Hefton's state law based cause of action for reinstatement to the Board of Directors is not otherwise subject to original diversity jurisdiction.

**POINT I**

**HOLDING'S REMOVAL PETITION FAILS TO
PROVE DIVERSITY OF CITIZENSHIP**

It is incumbent upon the party asserting removal jurisdiction to *prove* the existence of diversity jurisdiction. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,* 488 F.3d 112,124 (2nd Cir., 2007). Hefton acknowledges that although he initially accepted the allegations contained in Holding's removal petition regarding citizenship of the parties[2], it was only upon receipt of Holding's Notice (Reply Exhibit "A") that counsel for Hefton realized that the craftily and carefully worded removal petition created only the *illusion* of allegations of citizenship. Upon a more detailed review of Holding's allegation, it is clear that Holding does not allege even its own citizenship, but instead alleges that it is Hefton's complaint which states that Holding is a citizen of Connecticut and Delaware. In determining whether the burden of establishing jurisdiction

---

[1] Capitalized terms used herein shall have the same meanings ascribed to them in Hefton's Memorandum of Law in Support of Motion to Remand, unless otherwise indicated.

[2] Hefton himself had only alleged the citizenship of Holding in his complaint "upon information and belief".

for removal is met, the court is to look only at the facts alleged in the Notice of Removal. *In re MTBE*, *Id*. In view of Reply Exhibit "A" and Reply Exhibit "B" (indicating that the "new" address for Holding is the location of a corporation which, itself, was newly listed with the New York Office of the Secretary of State less than four months prior to Holding's removal petition) it now appears that Holding's allegations of citizenship were not merely imprecise expressions of accepted facts, but an attempt to avoid being "pinned down" as to its citizenship. Under these circumstances, Holding's failure to make specific allegations or sworn statements as to its citizenship is tantamount to a failure of Holding to meet its burden of proof with respect to removal.[3]

## POINT II

### THE PURPOSE OF THE 1990 AMENDMENT WAS TO LIMIT THE AVAILABILITY OF REMOVAL BASED UPON DIVERSITY JURISDICTION AND HOLDING'S ARGUMENT TO THE CONTRARY IS UNPERSUASIVE AND UNSUPPORTED

Holding's attempt to avoid the ramifications of the 1990 Amendment to 28 U.S.C. §1441(c) is unsupported by its references to decisional law, runs counter to express case law and would effectively cast the 1990 Amendment in the peculiar role of *expanding* diversity removal jurisdiction.

Contrary to the result which would obtain under Holding's argument, there is no question

---

[3] Plaintiffs acknowledge that the failure of Holding to meet its burden of establishing diversity, as manifestly apparent from the face of Holding's Removal Petition, is being raised by Plaintiffs for the first time in this Reply. However, it was Holding which camouflaged its failure by its clever use of misleading language which gave the appearance of an assertion as to its (and Plaintiffs') citizenship. In any event, the Removal Petition speaks for itself in terms of what it does and does not allege, the court is required to look only to that document in determining whether Holding met its burden of establishing diversity of the parties (for without meeting that burden the court lacks subject matter jurisdiction on the face of the Removal Petition), and Plaintiffs, having brought this to the court's attention, have introduced no new facts.

but that the 1990 Amendment was meant to limit the number of diversity cases which could be removed:

> "[The 1990 Amendment] restricted the availability of removal involving a 'separate or independent claim or cause of action' to situations in which the jurisdictionally sufficient claim . . . falls within [federal question matter jurisdiction] . . . [T]he [1990 amendment] should . . . reduce the number of diversity of citizenship cases . . .".

14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*, §3724 (Supp. 1995); *See also*, *Johnson Farms v. Comet Rice, Inc.*, 1995 WL 462015, Footnote 2 (E.D. Cal., 1995).

Under Holding's argument *all* diversity civil actions are removable – even those which join removable with non-removable claims – and the district court would lack the power it would otherwise have with respect to actions removed on federal question jurisdiction, to remand all or a portion of such actions because, as Holding's argument goes, "28 U.S.C. §1441(c) has no relevance [to removal based on diversity]". Holding Memorandum of Law, page 8. That result is so manifestly contrary to the acknowledged purpose of the 1990 Amendment to *limit* the universe of actions which can be removed based upon diversity jurisdiction as to justify an immediate and outright rejection of Holding's argument.

Holding's attempt to provide decisional support for its unique interpretation of the 1990 Amendment is less than persuasive. In *Alcorn v. State Farm Lloyds*, 1998 WL 760274 (N.D. Tex., 1998) there was never any contention that a removable claim had been joined with a non-removable claim. Likewise, in *Bradley v. Advanced Technology Services, Inc.*, 2007 WL 1453111 (W.D.N.C., 2007), there was no indication that the action removed contained both removable and non-removable claims. Further, the reference to the "inapplicability" of 28 U.S.C. §1441(c) was not only dicta, but was a reference to the "separate and independent" requirement, not to the entire section itself. *Id*.

at *1. Of course, there is no dispute that a "separate and independent" analysis only applies to removal of an action containing both removable and non removable claims under §1441 (c) where the removal is based on federal question jurisdiction because, as case law and commentators alike have noted, the 1990 Amendment prevents removal in the first instance where jurisdiction is grounded on diversity. Similarly, neither *E.H. Keen v. Kaolin Mushroom Farms, Inc*., 1997 WL 698173 (E.D. Pa, 1997) nor *Karonis Enterprises, Inc. v. Commercial Union Insurance Co*., 1994 WL 722025 (N.D. Ill., 1994), cited by Holding, addressed the issue of an attempt to remove an action where non-removable claims are joined with removable claims and the jurisdictional basis for removal is diversity of citizenship.

The cases cited by Hefton in his Memorandum of Law directly address the issue before this court and all found that the 1990 Amendment *limited* diversity jurisdiction removal by expunging statutory authority for removal of a diversity action containing both removable and non-removable claims. Indeed, Holding's attempt to distinguish the most pertinent example (*Allsup v. Liberty Mutual Insurance Co*., 782 F.Supp. 325 (N.D. Tex., 1991)), actually proves Hefton's point. Holding suggests that *Allsup* is inapplicable because there was an express statutory provision which prevented removal of one of the claims in the civil action. But that is no different than the "express statutory authority" which denies original jurisdiction in an alleged diversity case where the amount in controversy does not exceed $75,000. Thus, Hefton's claim for specific performance for reinstatement to the Board of Directors which – by statute – falls outside the scope of the court's original diversity jurisdiction (and therefore outside the scope of removal jurisdiction) is no different than the worker's compensation claim in *Allsup* which was exempt from removal jurisdiction by statute. In either case, the *Allsup* court's determination that the 1990 Amendment to 28 U.S.C. §1441(c) prevents removal is correct, persuasive and consistent with the undeniable statutory intent

to limit the universe of diversity cases subject to removal.[4]

# POINT III

## HEFTON'S ACTION FOR REINSTATEMENT TO THE BOARD OF DIRECTORS DOES NOT IMPLICATE DIVERSITY JURISDICTION

Hefton's claim for reinstatement to Holding's Board of Directors is, according to the complaint and any factual allegations asserted by Holding, based solely on Hefton's status as a shareholder. Hefton's rights under state laws and his contract with Holding depend not at all upon the alleged "value" of his stock. Indeed, Hefton's action exists whether his stock is worth millions, zero or has a negative value. Hefton's claim for reinstatement is cognizable based solely on his status as shareholder, has nothing to do with the alleged value of his shares, and does not involve – in any manner – a monetary amount. Holding's rhetoric to the effect that Hefton's claim for reinstatement to the Board is somehow removable in its own right is supported by neither the allegations of the complaint nor any factual assertions by Holding. As such, it must be rejected and the court should conclude that, as a joined, non-removable claim, Hefton's action for reinstatement renders the state court civil action non-removable as a matter of law. *See*, *In Re MTBE, supra* 488 F.3d at 124 (court should resolve all doubts *against* removability).

Dated: New York, New York

---

[4] Holding is not without remedy, of course. Rather than short circuiting the removal process, Holding should have moved in the state court for an order of severance and, if granted, Holding could have removed the removable claim, and the non-removable claim would have remained in state court as a separate action. *See, e.g.*, *Bird v. Carteret Mortgage Corp.*, 2007 WL 43551, *6 (S.D. Ohio, 2007) ("[T]he better rule would require [the removing defendant] to resolve the claimed misjoinder in state court . . .").

December 14, 2007

    Respectfully submitted,
    PLATZER, SWERGOLD, KARLIN, LEVINE,
    GOLDBERG & JASLOW, LLP

    By: /s/ Steven D. Karlin
        Steven D. Karlin (SK-0633)

    Attorneys for Plaintiffs
    1065 Avenue of the Americas - 18th Floor
    New York, New York 10018
    Telephone: 212-593-3000
    Facsimile: 212-593-0353
    skarlin@platzerlaw.com