UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARL W. HEFTON (individually, and on behalf
of DOUG TURNER, TROY FIELDS, RICHARD
BLACKMON, BOB CARTER, DALE KESLER,
RICHARD CAPERTON, DAN CONWAY, and
ELLIOT S. OSHRY), and BEN. G. GILL
(individually and on behalf of BRIAR TREE, LTD.)

                              Plaintiffs,              07 Civ. 9586 (RPP)

           - against -                       **OPINION AND ORDER**

VISCERN HOLDING CORPORATION,

                              Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        Plaintiffs, Carl Hefton and Ben Gill ("Plaintiffs") commenced this action on September 24, 2007 in New York State Supreme Court, New York County. On October 26, 2007, Defendant Viscern Holding Corporation ("Defendant"), filed a timely Notice and Petition of Removal to the United States District Court for the Southern District of New York based on the diversity of the parties, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446. On November 19, 2007, Plaintiffs filed a timely Motion to Remand to State Court on the grounds that this Court lacks subject matter jurisdiction. For the following reasons, Plaintiffs' Motion to Remand is denied.

                                    **BACKGROUND**

        On or about September 24, 2007, Plaintiffs filed the Summons and Complaint in this action against the Defendant in New York State Supreme Court, New York County. The Complaint contains two causes of action. The first cause of action alleges that the Defendant violated an agreement dated December 30, 2005 between Viscern Holding

Corporation, Investors, and Management Stockholders ("the Stockholders' Agreement") by 1) removing Mr. Hefton from the Board of Directors ("Board") of the Defendant; 2) preventing Mr. Hefton from attending Board meetings; 3) failing to provide Mr. Hefton with notice of Board meetings; 4) failing to provide Mr. Hefton with documents used, circulated, and/or discussed at Board meetings; and 5) failing to take any and all necessary actions to restore Mr. Hefton to his rightful position as Board member. (Compl. ¶ 12; Notice of Removal, Ex. A.)  The second cause of action alleges that the Defendant violated an Escrow Agreement, between Viscern Holding Corporation as purchaser and Plaintiffs as sellers, by claiming $533,450 in escrow, thereby causing the escrow agent to refuse to pay such sum to the Plaintiffs. (Id. at ¶¶ 19-24.)

On October 15, 2007 Defendant was served with a copy of the Summons and Complaint. (Defendant's Notice of Removal at ¶¶ 3-4.)  On October 26, 2007, Defendant filed a Notice and Petition of Removal to this Court.  On November 19, 2007, Plaintiffs filed a Motion to Remand to State Court arguing that this Court lacks subject matter jurisdiction.

A. *The Stockholders' Agreement*

Section 7.3 of the Stockholders' Agreement, entitled Governing Law; Consent to Jurisdiction and Venue; and Waiver of Jury Trial, states as follows:

> Any action or proceeding against the parties relating in any way to this agreement may be brought and enforced in the courts of the State of New York or the United States District Court for the Southern District of New York, to the extent subject matter jurisdiction exists therefore, and the Parties irrevocably submit to the jurisdiction of both such courts in respect of any such action or proceeding.  Each of the parties irrevocably waive, to the fullest extent permitted by law, any objection that they may now or hereafter have to the laying of venue of any such action or proceeding in the courts of the State of New York located in New York County or the Southern District of New York and any claim that any such action

2

> or proceeding brought in any such court has been brought in any inconvenient forum. Any Judgment may be entered in any court having jurisdiction thereof.

Id. at 29-30. (emphasis omitted.)

   B.  *The Escrow Agreement*

In the "Escrow Agreement," with JPMorgan Chase Bank, N.A., as escrow agent, the Plaintiffs agreed to sell stock to the Viscern Holding Corporation, with $2,550,000, held in an escrow account until the completion of an audit of the company to be paid to the sellers pro rata or returned to the purchaser.  Section 9(e) of the Escrow Agreement states as follows:

> Each party irrevocably submits to the exclusive jurisdiction of (i) the Supreme Court of the State of New York, New York County, and (ii) the United States District Court for the Southern District of New York, for the purposes of any suit, action or other proceeding arising out of this Agreement or any transaction contemplated hereby. <u>Each party agrees to commence any such action, suit or proceeding either in the Unites States District Court for the Southern District of New York or if such suit, action, or other proceeding may not be brought in such court for jurisdictional reasons, in the Supreme Court of the State of New York, New York County</u>...[e]ach party irrevocably and unconditionally waives any objection to the laying of venue of any action, suit or proceeding arising out of this Agreement or the transactions contemplated hereby in (A) the Supreme Court of the State of New York, New York County, or (B) the United States District Court for the Southern District of New York, and hereby and thereby further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit, or proceeding brought in such court has been brought in any such court has been brought in an inconvenient forum.

Escrow Agreement (Notice of Motion to Remand, Ex. C) at 10.) (emphasis added.)

**DISCUSSION**

It is well settled that when a deciding a motion for remand, "the defendant bears the burden of demonstrating the propriety of removal." Cal. Pub. Emples. Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).  See also Linardos v. Fortuna, 157 F.3d

945, 947 (2d Cir. 1998) (citing 13 C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3522, at 62-65 (2d ed. 1984) (it is "hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."); <u>United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square</u>, 30 F.3d 298, 301 (2d Cir. 1994) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 187 (1936)) ("if [the averring party's] allegations of jurisdictional facts are challenged by [its] adversary in any appropriate manner, [the averring party] must support them by competent proof.").

    *A. Diversity Jurisdiction*

The Complaint states that Plaintiffs Carl Hefton and Ben Gill are domiciled and residing in Dallas, Texas. (Compl. ¶¶ 1-2, Def.'s Notice of Removal Ex. A.). The Complaint also states that "upon information and belief, [the Defendant] is, and at all times hereinafter mentioned was, a corporation organized and existing pursuant to the laws of the state of Delaware with its principal place of business in Greenwich, Connecticut. (<u>Id</u>. at ¶ 3.). In its Notice of Removal, Defendant states that

> Plaintiffs allege that [Defendant] is a Delaware corporation with its principal place of business in Greenwich, Connecticut. Therefore, [Defendant] is a citizen of the States of Delaware and Connecticut for purposes of removal. ([Defendant] is in the process of moving its headquarters to Rye, New York. This will not affect its entitlement to remove this action.)

(Notice of Removal at ¶ 9.)

Even though Plaintiffs allege diversity of citizenship in the Complaint, in their reply papers filed on December 17, 2007, Plaintiffs have challenged diversity jurisdiction based on the Notice of Removal's reliance on the Plaintiffs' allegation. (Plaintiffs' Reply Memorandum of Law at 1-2.) This challenge is maintained even though, in its answer to

4

the Motion to Remand, the Defendant affirmatively states that "no one disputes that complete diversity exists here." (Def's Mem. of Law in Opp'n to Pls.' Mot. to Remand at 2.).

To support their challenge to diversity, Plaintiffs attached two exhibits to their reply memorandum. The first exhibit is a Notice of Relocation, issued by the Defendant and dated November 16, 2007, indicating that, effective November 1, 20007, correspondence to the Defendant should be sent to the care of a Privet Capital, LLC, located in Rye, New York. See Plaintiffs' Reply Affirmation, Ex. A. The second exhibit is a registration with the New York Department of State's Division of Corporations, dated September 7, 2007, for Privet Capital, LLC. Id., Ex. B.

Here, the Defendant has acknowledged that it received service of the Summons and Complaint on October 15, 2007, and the Summons clearly indicates that the Defendant's address was in Greenwich, Connecticut. (Notice of Removal at ¶ 4 and Ex. A.) Also, the Notice and Petition for Removal states "Viscern is in the process of moving its headquarters to Rye, New York. This will not affect its entitlement to remove this action." (Notice of Removal at ¶ 9.). Since, the Defendant's Notice of Relocation became effective after the Complaint was filed on September 24, 2007, and after Defendant's Notice and

Petition of Removal was filed on October 26, 2007, the removal was proper.[1]

---

[1] Plaintiffs rely on the registration from the New York Department of State's Division of Corporations concerning Privet Capital LLC, a corporation that is not now, and never has been, a party to this action. Privet Capital's September 7, 2007 registration with the New York Department of State's Division of Corporations is not shown to be relevant to the Defendant's citizenship.

5

The "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where basis of removal is diversity then diversity of citizenship must exist at time action was filed in state court as well as at time of removal." <u>United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square</u>, 30 F.3d 298, 301 (2d Cir. 1994) (citing Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, § 3723 at 311-12).  Thus, even if Plaintiffs were correct that the Defendant had moved to Rye, New York at the time the Complaint and Notice and Petition for Removal were filed, diversity jurisdiction would still exist.[2] Plaintiffs failed to show that there had been a change in the Defendant's principal place of business at the time the action was commenced or at the time the Notice and Petition for Removal was filed. <u>See</u> <u>Palazzo v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000).

B.  Section 1441(c)

Plaintiffs argue that the amount in controversy in the first cause of action does not permit diversity jurisdiction under 18 U.S.C. §1441(c). (<u>Id.</u>) Plaintiffs argue that 28 U.S.C. § 1441 (c) prohibits this Court from hearing the cause of action pertaining to the Stockholders' Agreement, because the first cause of action is non-removable. (<u>Id.</u>)

However, "[s]ince the diversity statute confers jurisdiction over 'civil actions' rather than specific claims alleged in a complaint, a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement" of 18 U.S.C. § 1332. <u>Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc.</u>, 166 F.3d 59, 62

---

[2] "The purpose of requiring diversity to exist at both [the time the action was commenced and the time the notice of removal was filed] is to prevent a non-diverse defendant from acquiring a new domicile after the commencement of the state suit and then removing on the basis of the newly created diversity of citizenship." Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, § 3723 at 574.  Here, the Defendant relocated to New York for reasons that appear to be entirely irrelevant to creating diversity.

(2d Cir. 1999).  See also Deajess Med. Imaging, P.C. v. Allstate Ins. Co., 381 F. Supp. 2d 307, 310 (S.D.N.Y. 2005) ("Under the diversity statute it is ordinarily permissible for plaintiffs to aggregate claims in order to satisfy the amount in controversy requirement.  Federal Rule of Civil Procedure 18 governs aggregation, and does not require that the aggregated claims be factually related.").[3]

Furthermore, Plaintiffs' reliance on 28 U.S.C. § 1441(c) is misplaced.  That statute states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates."  28 U.S.C. § 1331 relates only to claims based on the Constitution or laws of the United States.  Since none of Plaintiffs' claims are so based, 28 U.S.C. 1441(c) is inapplicable to this action.  See, e.g., 1A James W. Moore & Brett A. Ringle, Moore's Federal Practice P 0.163[2] (2d ed. 1993) ("The amended § 1441(c) provides for the removal of 'separate and independent' claims only if the plaintiff joins a federal question claim under 28 U.S.C. § 1331 with an unrelated state claim.")

In arguing that 28 U.S.C. § 1441(c) prevents subject matter jurisdiction over this action, Plaintiffs rely on Allsup v. Liberty Mut. Ins. Co., 782 F. Supp. 325 (N.D. Tex. 1991).  That case involved a worker's compensation claim and is not removable because

---

[3] As it is undisputed that the second claim falls within this Court's jurisdiction, and, according to the Complaint, both claims arise from the termination of Carl Hefton from the Board of Directors of the Defendant company, and the alleged breach of contracts arising thereafter. Ben. Nat'l Bank v. Anderson, 539 U.S. 1, 8 at n.3 (2003) ("[o]f course, a state claim can also be removed through the use of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provided that another claim in the complaint is removable."

28 U.S.C. § 1445(c) states that, a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Accordingly, Allsup does not support Plaintiffs' contention that 28 U.S.C. § 1441 (c) requires remand.

*C. Waiver of Removal*

Lastly, Plaintiffs assert that the Defendant has expressly waived its right to remove this action from state court. The two causes of action raised in the Complaint revolve around two independent but related contracts, the Escrow Agreement and the Stockholders' Agreement, which both contain forum selection provisions followed by venue waiver provisions.

A contractual forum selection clause should be enforced unless it is clearly shown that enforcement would be "unreasonable and unjust or that the clause was obtained through fraud or overreaching." Jones v. Weibrecht, 901 F.2d 17, 18 (2d Cir. 1990) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). Nonetheless, "where two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give both effect. This applies with equal force where two documents are contemporaneous and related or where one incorporates the terms of the other." Proyecfin de Venezuela, S.A. v. Banco Indus. de Venezuela, S.A., 760 F.2d 390, 395-396 (2d Cir. 1985).

The forum selection provision of the Escrow Agreement requires that any action pertaining to the Escrow Agreement should first be brought in this Court, and only if this Court lacks jurisdiction over the action, then in New York State Supreme Court, New York County. It states, in relevant part, that "[e]ach party agrees to commence any such

8

action, suit or proceeding [related to this agreement] either in the Unites States District Court for the Southern District of New York or *if such suit, action, or other proceeding may not be brought in such court for jurisdictional reasons*, in the Supreme Court of the State of New York, New York County."[4]  Escrow Agreement (Notice of Motion to Remand, Ex. C) at 10) (emphasis added.)

The language of the forum selection clause of the Stockholders' Agreement grants a plaintiff more choice of venue than the Escrow Agreement.  It states, in relevant part, that "[a]ny action or proceeding against the parties relating in any way to this agreement may be brought and enforced in the courts of the State of New York or the United States District Court for the Southern District of New York, to the extent subject matter jurisdiction exists therefore." (Stockholders' Agreement (Notice of Motion to Remand, Ex. B) at 29.)

The venue waiver provision of the Stockholders' Agreement states that "[e]ach of the parties irrevocably waive, to the fullest extent permitted by law, any objection that they may now or hereafter have to the laying of venue of any such action or proceeding in the courts of the State of New York located in New York County or the Southern District of New York" (Stockholders' Agreement (Notice of Motion to Remand, Ex. B) at 30.)

A venue waiver, like a "party's consent to process and jurisdiction in a particular forum does not necessarily constitute a waiver of the right of removal under the federal diversity statute." New York v. Pullman, Inc., 477 F. Supp. 438, 442 (S.D.N.Y. 1979). In Pullman, Judge Weinfeld denied a motion to remand noting that "[i]f the purpose [of

---

[4] Plaintiffs concede that this Court has jurisdiction over disputes pertaining to the Escrow Agreement. (Pls.' Mem. of Law in Supp. of Pls.' Mot. to Remand. at 4.)

9

the contract provision] was to preclude a federal forum, explicit language to that effect would have foreclosed any issue on the matter." Id.  In District No. 1-Pacific Coast Dist., etc. v. Trinidad Corp., 583 F. Supp. 262, 263 (S.D.N.Y. 1984), Judge Sweet followed Judge Weinfeld's reasoning, but granted a motion to remand because the language of contract explicitly stated that "neither the [party] will seek the removal from the courts of the State of New York to the federal courts of any such proceeding."

Here, the entirety of the forum selection and waiver provisions of both the Stockholders' Agreement and the Escrow Agreement are lengthy, but include no explicit waiver of a right to remove to federal court.  Accordingly, Plaintiffs' claim that the Defendant waived its right to remove is denied.  The Escrow Agreement required Plaintiffs to bring any action arising out of it in this Court, absent a jurisdictional defect. No jurisdictional defect is present.  Defendant had a right to enforce the Escrow Agreement's forum selection clause by its Notice and Petition of Removal. Since Plaintiffs chose to ignore the Escrow Agreement's explicit provision for venue in this Court, chose to join the independent but related claims raised by the two contracts, and venue in this Court is proper under both contracts, Plaintiffs lack grounds to complain about the removal.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion to Remand is denied.

Attorney fees will not be awarded to either party.

IT IS SO ORDERED.

Dated: New York, New York
April 7, 2008

Robert P. Patterson, Jr.
United States District Judge

Copies of this Opinion and Order Sent To:

*Counsel For Plaintiff:*
Steven D. Karlin
Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow
1065 Avenue of the Americas
New York, NY 10018
Tel: (212) 593-3000
Fax: (212)-593-0353

*Counsel for Defendant:*
Christopher May Mason
Nixon, Peabody, L.L.P.
437 Madison Avenue
New York, NY 10022
Tel: (212) 940-3000
Fax: (866) 947-2229